UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH J. BLANCHETTE and HENRY J. BLANCHETTE, Plaintiffs, | ) | CA 06 482 T |
| v. | ) | DOCKET NO: 06- |
| DEPUY, INC. and DEPUY ORTHOPAEDICS, INC., Defendants. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that defendants DePuy, Inc., and DePuy Orthopaedics, Inc., ("DePuy") with full reservation of all defenses, hereby removes this civil action from the Superior Court of Washington County, Rhode Island, to the United States District Court for the District of Rhode Island. As grounds for its Notice of Removal, Defendant shows the Court:

1. This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) & 1446(b) on removal of cases to the district courts of the United States.

2. In this action, in or about July 19, 2006, plaintiffs Elizabeth Blanchette and Henry Blanchette ("Blanchette") filed a Complaint in the Superior Court of Washington County, Rhode Island, alleging product liability, negligence, and other claims against DePuy. Elizabeth Blanchette alleges she suffered injuries on September 10, 2003, and February 19, 2004, when she underwent surgical procedures to the left knee (2003) and right knee (2004) to repair alleged broken knee prostheses, Compl. at ¶¶11-13, and seeks damages for personal injuries, pain and suffering, lost wages, lost future earning capacity, and medical expenses.

Compl. at ¶¶22, 29, 35, 38. Henry Blanchette alleges loss of consortium, and claims compensatory and punitive damages. Compl. at ¶46.

3. Defendant DePuy Orthopaedics, Inc., was personally served on October 12, 2006. Defendant DePuy, Inc., was served via certified mail postmarked October 12, 2006. A true copy of the process and pleadings is annexed hereto respectively as Exhibit A.

4. Because the thirtieth day after receipt by any of the defendants of the initial pleading setting forth Blanchette's claims for relief is November 11, 2006, the filing of this Notice of Removal before November 11th is timely pursuant to 28 U.S.C. § 1446(b) and FED. R. CIV. P. 6(A).

5. As shown below, complete diversity of citizenship exists between Blanchette and defendants. DePuy is a citizen of Indiana, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Hence, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and it is removable pursuant to 28 U.S.C. §§ 1441 (a) & 1446(b).

**There Is Complete Diversity of Citizenship**

6. Upon information and belief, plaintiffs Elizabeth Blanchette and Henry Blanchette are, and at all relevant times were, citizens and residents of the State of Rhode Island. See Compl. at ¶¶1-2.

7. DePuy Orthopaedics, Inc., is, and at the time of the institution of this case was, a corporation organized and existing under the laws of the State of Indiana, and having its principal place of business in Indiana. See Affidavit of Mark T. Piazza (attached as Exhibit B) at ¶3; see also Compl. at ¶4. DePuy, Inc., is, and at the time of the institution of this case was, a corporation organized and existing under the laws of the State of Delaware, and having

its principal place of business in Indiana. See Exhibit B, the Piazza Affidavit; see also Compl. at ¶3.

8. Complete diversity of citizenship therefore exists between Blanchette and DePuy.

**The Amount In Controversy Exceeds $75,000**

9. Blanchette alleges that as a result of the implantation of the allegedly defective left knee and right knee prostheses, she was injured; has undergone additional surgery for a total knee arthroplasty on her right knee and left knee; and has incurred pain and suffering, mental anguish, emotional distress, medical expenses, lost wages, future pain and suffering, and future lost earnings. Compl. at ¶¶ 22, 29, 35, 38. Elizabeth Blanchette seeks damages for "substantial personal injuries, medical expenses, loss of employment and income, and other damages" which she allegedly suffered. Compl. at ¶ 35. Henry Blanchette allegedly "has lost the services, companionship and consortium of his wife, entitling him to compensatory and punitive damages." Compl. at ¶ 46. In a products liability action involving surgical implantations of left knee and right knee prostheses, in which injuries of this sort are alleged and damages for medical expenses and lost wages are sought, there is no genuine issue that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10. Angus v. Shiley, 989 F.2d 142 (3d Cir. 1992) – which affirmed denial of remand in a previously removed products liability action even where plaintiff's implanted heart valve had *not* malfunctioned, and she had essentially alleged emotional distress injuries and the like and had stated in her remand motion that "she 'hereby stipulates that her damages do not exceed the [then-jurisdictional minimum] sum of $50,000.00,'" see id. at 143-44 – is instructive:

> Assuming, as Angus's [*sic*] urges us to do, that the complaint asserts only two claims, one for compensatory damages in excess of $20,000 and one for punitive damages in excess of $20,000, we find, as did the district court, that the jurisdictional minimum is met. Contrary to Angus's contention, the amount in controversy is not measured by the low-end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated. Here, Angus's complaint seeks *at least* $40,000 in compensatory and punitive damages. Given that the complaint does not limit its request for damages to a precise monetary amount, the district court properly made an independent appraisal of the value of the claim, and reasonably found that the actual amount in controversy exceeded $50,000 for there can be no doubt that a reasonable jury likely could have valued Angus's losses at over $50,000.

Id. at 145-46 (original emphasis); see also Gabrielle v. Allegro Resort Hotels, 210 F. Supp.2d 62, 65 (D.R.I. 2002) ("The fact that [plaintiffs] each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a finding that the . . . amount in controversy reasonably exceeds $75,000."). Likewise, there can be no doubt that a reasonable reading of the rights being litigated by Blanchette's open-ended claims here, where the alleged injury occurred over two years ago and extend considerably beyond those alleged in Angus, exceeds the current jurisdictional minimum of $75,000.

* * *

11. In sum, complete diversity of citizenship exists; the amount in controversy exceeds $75,000; and this Notice of Removal is timely. Removal is therefore authorized by 28 U.S.C. § 1441.

DEPUY ORTHOPAEDICS, INC. and
DEPUY, INC.,
By its attorneys,
MORRISON MAHONEY LLP,

Paul V. Sullivan (#5712)
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2006, I served a copy of the foregoing Notice of Filing Notice of Removal to the United States District Court , by regular U.S. mail, postage prepaid, to:

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903



623987v1