**STATE OF RHODE ISLAND**
**WASHINGTON, SC.**

**SUPERIOR COURT**

**ELIZABETH J. BLANCHETTE**
**and HENRY J. BLANCHETTE**
***Plaintiffs,***

**Vs.**

**C.A. No.** 06-0436

**DEPUY, INC., and DEPUY**
**ORTHOPAEDICS, INC.**
***Defendants***

**COMPLAINT**

Now come Plaintiffs, Elizabeth J. Blanchette and Henry J. Blanchette, and hereby state as follows in support of their complaint.

**Parties**

1. Elizabeth J. Blanchette is a resident of the Town of North Kingstown, State of Rhode Island.

2. Henry J. Blanchette is a resident of the Town of North Kingstown, State of Rhode Island.

3. Depuy, Inc. is a Delaware corporation with a principal place of business in the City of Warsaw, State of Indiana.

4. Defendant Depuy Orthopaedics, Inc. is an Indiana corporation having its principal place of business in the City of Warsaw, State of Indiana. Upon information and belief, Depuy Orthopaedics, Inc. is a wholly owned subsidiary of Defendant Depuy, Inc.

5. Defendants design, manufacture and distribute orthopedic devices and supplies, including knee replacements.

**Jurisdiction and Venue**

6. Defendants have conducted business in the state of Rhode Island by distributing their devices and supplies, including knee replacements, to customers in this state, thus establishing minimum contacts with the State of Rhode Island pursuant to R.I. Gen. Laws § 9-5-33.

7. Plaintiffs allege damages sufficient to bring this matter within the jurisdiction of the Superior Court pursuant to R.I. Gen. Laws § 8-2-14.

**Factual Allegations**

8. On or about June 3, 1996, Plaintiff Elizabeth J. Blanchette underwent a total right knee replacement.

9. On October 21, 1996, Plaintiff Elizabeth J. Blanchette underwent a total left knee replacement.

10. The right total knee replacement and left total knee replacement received by Plaintiff Blanchette were designed, manufactured and distributed by Defendants.

11. The aforesaid total knee replacement systems received by Plaintiff Elizabeth J. Blanchette on June 3 and October 21, 1996, were being used for their intended and reasonably foreseeable purpose.

12. Upon information and belief, the knee replacement systems contained a polyethylene material that prematurely deteriorated. Defendants' intended design created or incorporated the unreasonably dangerous defect in the aforesaid replacement products.

13. As a direct and proximate result of the breakdown of the polyethylene material, Plaintiff Blanchette was required to undergo a total knee arthroplasty of her right knee on September 10, 2003 and of her left knee on February 19, 2004.

14. Defendants knew or should have known that there was a defective condition with the polyethylene components used in their products that were surgically implanted in Plaintiff Blanchette on June 3 and October 21, 1996. Defendants knew that the design and manufacturer of its products would cause them to fail and not perform as intended.

15. Defendants failed to provide appropriate warnings about the risks and dangers associated with their prosthetic products to members of the public and the medical community, including Plaintiff Blanchette and her surgeon.

**COUNT I**
**Strict Products Liability**

16. Plaintiffs hereby incorporate by reference paragraphs 1 through 15 as if fully set forth herein.

17. At all times relevant hereto, Defendants were engaged in the business of designing, manufacturing, marketing, distributing, and selling knee joint replacement products.

18. The total knee replacement products implanted in Plaintiff Elizabeth J. Blanchette were designed and manufactured by Defendants.

19. The left and right total knee replacement products, that were surgically implanted in Plaintiff Blanchette on June 3 and October 21, 1996, were being used in an intended or reasonably foreseeable manner.

20. The Defendants' design of the aforesaid products created an unreasonably dangerous defect, causing the polyethylene components to prematurely deteriorate and breakdown.

21. The aforesaid products were in such an unreasonably dangerous condition that they had to be surgically removed from Plaintiff Blanchette on September 10, 2003 and February 19, 2004, respectively.

22. As a direct and proximate result of the design and/or manufacture of the aforesaid medical devices, Plaintiff Elizabeth J. Blanchette suffered pain and suffering, mental anguish and emotional distress, and was required to undergo total knee arthoplasty procedures on September 10, 2003 and February 19, 2004. Plaintiff Blanchette also suffered loss of wages and will sustain future pain and suffering and loss of wages.

WHEREFORE, Plaintiff Elizabeth J. Blanchette seeks compensation for her pain and suffering, loss of income and consequential damages in an amount that exceeds the jurisdiction requirements of this Court, together with interest, costs, and fees.

**COUNT II**
**Negligence**

23. Plaintiff Elizabeth J. Blanchette incorporates by reference paragraphs 1 through 22 as fully set forth herein.

24. Defendants owed Plaintiff Elizabeth J. Blanchette a duty to exercise reasonable care in the design, manufacture, testing, marketing, distributing, sale and/or post-sale of the medical devices described herein.

25. Defendants breached their duty of care to Plaintiff Blanchette in that Defendants failed to manufacture and design the aforesaid medical devices and failed to exercise reasonable care in the sterilization and packaging of the aforesaid medical devices.

26. Defendants failed to warn Plaintiff Blanchette and her surgeon concerning the risks and dangers associated with the use of the aforesaid medical devices.

27. Defendants failed to exercise reasonable care by failing to withdraw the aforesaid medical device from the market once Defendants knew or should have known of the risks and dangers associated with the use of said devices.

28. Defendants failed to adequately conduct tests concerning the aforesaid medical devices.

29. As a result of the aforesaid negligence, Plaintiff Elizabeth J. Blanchette suffered substantial personal injuries, medical expenses, loss of income, and other damages sufficient to satisfy the jurisdictional limits of this Court.

WHEREFORE, Plaintiff Elizabeth J. Blanchette seeks compensation for her pain and suffering, loss of income and consequential damages in an amount that exceeds the jurisdiction requirements of this Court, together with interest, costs, and fees.

**COUNT III**
**Negligent Misrepresentation**

30. Plaintiff Elizabeth J. Blanchette hereby incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31. Defendants owe Plaintiff Blanchette a duty to exercise reasonable care in providing information concerning the safety, quality and performance of the aforesaid medical devices.

32. In breach of the aforesaid duty of care, Defendants negligently misrepresented to Plaintiff Blanchette and her surgeon that the aforesaid medical devices were not subject to premature deterioration, weakening or early failure and/or that the risks and dangers associated with the use of the aforesaid devices were not as great as they actually were, and Defendants further made other misrepresentations of material fact to Plaintiff Blanchette and her surgeon concerning the safety, quality and performance of the aforesaid devices.

33. The aforesaid misrepresentations were made by Defendants with knowledge that they were untrue and that the devices were not adequately tested.

34. Defendants' negligent misrepresentations were made with the intention of inducing Plaintiff Blanchette and her surgeon into using the aforesaid medical devices.

35. As a direct and proximate result of Defendants negligent misrepresentations, Plaintiff Elizabeth J. Blanchette suffered substantial personal injuries, medical expenses, loss of employment and income, and other damages for which Defendants are liable in an amount that exceeds the jurisdictional limits of this Court.

WHEREFORE, Plaintiff Elizabeth J. Blanchette seeks compensation for her pain and suffering, loss of income and consequential damages in an amount that exceeds the jurisdiction requirements of this Court, together with interest, costs, and fees.

**COUNT IV**
**Breach of Implied Warranty and Expressed Warranty**

36. Plaintiff Elizabeth J. Blanchette hereby incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37. Through the design, manufacture, distribution, packaging, merchandising, advertising and sale of the aforesaid medical devices, Defendants impliedly warranted to Plaintiff Blanchette and her surgeon that the aforesaid medical devices were of a merchantable quality and safe for the use for which they were intended.

38. The aforesaid medical devices were unsafe for their intended use and were not of merchantable quality as warranted by Defendants. Defendants designed, manufactured, distributed, packaged, advertised and/or sold the aforesaid medical devices that proximately and directly caused Plaintiff Blanchette to sustain substantial personal injuries, medical expenses, loss of employment and income, and other damages for which Defendants are liable in an amount that exceeds the jurisdictional limits of this Court.

39. Defendants expressly and impliedly warranted to Plaintiff Blanchette and her surgeon that the aforesaid medical devices were of a merchantable quality and safe for the use for which they were intended. At the time of making said warranties, Defendants had actual and/or constructive knowledge of the purpose for which the medical devices were to be used.

WHEREFORE, Plaintiff Elizabeth J. Blanchette seeks compensation for her pain and suffering, loss of income and consequential damages in an amount that exceeds the jurisdiction requirements of this Court, together with interest, costs, and fees.

**COUNT V**
**Negligent Infliction of Emotional Distress**

40. Plaintiff Elizabeth J. Blanchette hereby incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41. At the time that Defendants designed and manufactured the aforesaid medical device, and placed the product into the stream of commerce, Defendants knew or should have known that the medical device was not fit for its intended use.

42. Defendants knew or reasonably should have known that Plaintiff Elizabeth J. Blanchette would suffer emotional distress as a result of the defective product and resulting damages caused from the use of said product.

43. Defendants' conduct constitutes negligent infliction of emotional distress upon both Plaintiffs and has proximately caused their emotional distress.

WHEREFORE, Plaintiff Elizabeth J. Blanchette seeks compensation for her pain and suffering, loss of employment and income, and consequential damages in an amount that exceeds the jurisdiction requirements of this Court, together with interest, costs, and fees.

**COUNT VI**
**Loss of Consortium**

44. Plaintiffs hereby incorporate by reference paragraphs 1 through 43 as fully set forth herein.

45. Plaintiff Henry J. Blanchette was and is, at all times relevant hereto, the husband of Plaintiff Elizabeth J. Blanchette.

46. As a direct and proximate result of the defects and their consequential injuries resulting to Plaintiff Elizabeth J. Blanchette, Plaintiff Henry J. Blanchette has lost the services, companionship and consortium of his wife, entitling him to compensatory and punitive damages.

WHEREFORE, Plaintiff Henry J. Blanchette seeks compensation for his loss of services, companionship and consortium of his wife in an amount that exceeds the jurisdictional limits of this Court, together with interest, costs and fees.

Plaintiffs,
By their Attorney,

Raymond A. Marcaccio, Esquire (#3569)
Julie P. Hamil, Esquire (#6887)
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

**Plaintiffs hereby demand a trial by jury on all issues so triable.**

Dated: July 18, 2006

# STATE OF RHODE ISLAND SUPERIOR COURT

## CIVIL CASE COVER SHEET

Case * (Filled in by Clerk's Office)

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| ELIZABETH J. BLANCHETTE and HENRY J. BLANCHETTE | XXXXXXXXXXXXXXXXXXXXXX DEPUY, INC., and DEPUY ORTHOPAEDICS, INC. |

**NATURE OF PROCEEDING — Check the applicable case type under main categories listed below (check one only)**

**District Court Appeal** ☐ Yes (check type below)

- ☐ AGA Agency appeal
- ☐ ANT Anti-trust
- ☐ ASB Assault and battery
- ☐ BKA Book account
- ☐ CIC Criminal inj. compensation
- ☐ CLA Common law assignment
- ☐ CLL Common law lien
- ☐ CON Contract
- ☐ CNV Conversion
- ☐ CRC Criminal conversation
- ☐ CRJ Civil Rights Job Discrimination
- ☐ DEJ Declaratory judgment
- ☐ DIN Recovery of damages/insurance
- ☐ DOJ Debt on judgment
- ☐ DPC Denial of probate claim
- ☐ Other than above (specify type):
- ☐ DTP Deceptive trade practice
- ☐ EXT Excessive tax
- ☐ FOR Forfeiture
- ☐ FRJ Foreign Judgment
- ☐ IDV Personal inj./property dam-vehicle
- ☐ INR Injunctive relief
- ☐ IPL Interpleader
- ☐ LIB Libel/slander
- ☐ MLE Malpractice/legal
- ☐ MME Malpractice/medical
- ☐ MOT Malpractice/other
- ☐ PDM Property damage
- ☐ PDV Property damage / vehicle
- ☐ PER Personal injury
- ☐ PIV Personal injury-vehicle
- ☒ PRL Product liabilty
- ☐ PRN Promissory note
- ☐ PRT Partition
- ☐ RIC Reinstate charter
- ☐ RLP Real property
- ☐ ROF Recovery of funds
- ☐ SAB Sexual abuse
- ☐ SPP Specific performance
- ☐ SXH Sexual harassment
- ☐ TAE Trespass and ejectment
- ☐ TCO Title clearing (other than tax title)
- ☐ TCT Trustee/appt convey title
- ☐ TRA Trustee/accounting
- ☐ UNM Uninsured motorist
- ☐ WOM Mandamus. Writ of
- ☐ WOR Replevin, Writ of
- ☐ WRD Wrongful death

**MISCELLANEOUS PETITIONS**

- ☐ AOD Assessment of damages
- ☐ AOS Trustee successor
- ☐ AOT Trustee / appointment of
- ☐ ARA Arbitration award
- ☐ CAR Arbitration /confirm
- ☐ CFC Confirm compromise
- ☐ CND Condemnation
- ☐ CNT Contempt
- ☐ DOC Dissolution of corp.
- ☐ DOT Trustee / declination of
- ☐ DSC Disclaimer
- ☐ Other than above (specify type):
- ☐ EDP End partnership
- ☐ FOC Forfeiture of charter
- ☐ FRR Foreclosure of right redemption
- ☐ GJI Grand jury investigation
- ☐ HAC Habeas corpus
- ☐ LCN Level of community notification
- ☐ MAW Material witness
- ☐ MEL Mechanics lien
- ☐ OSW Out of state witness
- ☐ PCR Post conviction relief
- ☐ PFC Petition for constable
- ☐ PFI Petition for immunity
- ☐ PFR Petition for review
- ☐ PFS Perform surgery
- ☐ PIN Pet for inventory (w/rs (ap)
- ☐ PTD Pet to take deposition
- ☐ PTE Petition to expunge
- ☐ R5A Rule 5A petition
- ☐ REC Receivership
- ☐ RTA Arbitration referral
- ☐ SVP Sexually violent predator petition
- ☐ TCL Title clearing (tax title)
- ☐ TLF Foreclosure / tax lien
- ☐ VAR Arbitration / vacate

**PROBATE APPEALS**

- ☐ WIL Will
- ☐ TRS Trust
- ☐ GRD Guardianship
- ☐ NAC Name change
- ☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ Yes ☐ No If yes: ☒ Jury or ☐ Non-jury

( Attorney name and Registration # Raymond A. Marcaccio #3569 7/18/06 (Date)
Julie P. Hamil #6887

Pro se/Name ____________________

SC-223 (Rev. 11/00)

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
10/12/2006
Log Number 511556676

RECEIVED

OCT 1 ~ 2006

T.B. Van Itallie, Jr.

**TO:** Taysen Van Itallie, Associate General Counsel
Johnson & Johnson
1 Johnson & Johnson Plaza
New Brunswick, NJ, 08933

**RE:** **Process Served in Rhode Island**

**FOR:** Depuy Orthopaedics, Inc. (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Elizabeth J. Blanchette and Henry J. Blanchette, Pltfs. vs. Depuy, Inc.and Depuy Orthopaedics, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Case Cover Sheet |
| **COURT/AGENCY:** | Superior Court Washington County, RI<br>Case # 2006-0436 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Negligence, Negligent Misrepresentation, Breach of Implied and Expressed Warranty, Negligent Infliction of Emotional Distress, Personal Injury; Re: Knee Replacement Systems Surgery in June and October of 1996 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/12/2006 at 15:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days |
| **ATTORNEY(S) / SENDER(S):** | Raymond A. Marcaccio, Esq.<br>Oliverio & Marcaccio LLP<br>55 Dorrance Street<br>Suite 400<br>Providence, RI, 02903<br>401-861-2900 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790092213817<br>Email Notification, Michele Bacorn MBACORN@CORUS.JNJ.COM |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>10 Weybosset Street - 9th Floor<br>Providence, RI, 02903 |
| **TELEPHONE:** | 401-861-7400 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [x] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 2006 0436

Elizabeth J. Blanchette and
Henry J. Blanchette
Plaintiff

Depuy, Inc. and
Depuy Orthopaedics, Inc.
Defendant

***Summons***

*To the above-named Defendant:* Depuy Orthopaedics, Inc.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Raymond A. Marcaccio Plaintiff's attorney, whose address is Oliverio & Marcaccio LLP, 55 Dorrance Street, Suite 400, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

A true copy attest

#6070

Date 10/12/06

Dated: October 12, 2006

(Seal of the Superior Court)

S- 135 (REV. 10/00)

Oliverio &
Marcaccio LLP

55 Dorrance Stree
Suite 400
Providence, RI 02903
Counsellors At Law

CERTIFIED MAIL

7005 1820 0000 8775 9812

.12⁰ PB8590276
OCT 12 06
0156 PROVIDENCE RI 02903

Depuy, Inc.
700 Orthopaedic Drive
Warsaw, IN 46581

46582@3994 R006

RECEIVED
OCT 17 2006

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [X] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 2006 0436

Elizabeth J. Blanchette and
Henry J. Blanchette
**Plaintiff**

Depuy, Inc. and
Depuy Orthopaedics, Inc.
**Defendant**

***Summons***

*To the above-named Defendant:* Depuy, Inc.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Raymond A. Marcaccio Plaintiff's attorney, whose address is Oliverio & Marcaccio LLP, 55 Dorrance Street, Suite 400, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of the ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: October 12, 2006

(Seal of the Superior Court)

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

..............................................,SC

## PROOF OF SERVICE

I hereby certify that on the ........................................... day of ....................................................... I served a copy of this summons and a copy of the complaint received therewith upon ..................................................................................................

...............................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,.....................................................

................................................................................................ with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ...............................................

................................................................................................ with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely .......................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

...............................................................................................................................................................

...............................................................................................................................................................

...............................................................................................................................................................

Sheriff's Fees

Travel ......................... $............................

Service ........................ $............................

$............................

.............................................................................

Deputy Sheriff

CIVIL ACTION

FILE NO. 2006 0436

SUMMONS

SUPERIOR COURT

Elizabeth J. Blanchette and Henry J. Blanchette

VS

Depuy, Inc. and Depuy Orthopaedics, Inc.

Raymond A. Marcaccio (#3569)

ATTORNEY FOR PLAINTIFF

Served via Certified Mail:
700 Orthopaedic Drive
Warsaw, IN 46581

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.