UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH J. BLANCHETTE and<br>HENRY J. BLANCHETTE,<br><br>Plaintiffs,<br><br>v.<br><br>DEPUY, INC., and<br>DEPUY ORTHOPAEDICS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 06- 0482T |

**DEFENDANTS DEPUY, INC., AND DEPUY ORTHOPAEDICS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

**Parties**

1. Defendants DePuy, Inc., and DePuy Orthopaedics, Inc., ("DePuy") are without knowledge or information as to the matters alleged in this paragraph, and leave the plaintiffs to their proof thereof.

2. Defendants DePuy are without knowledge or information as to the matters alleged in this paragraph, and leave the plaintiffs to their proof thereof.

3. Admitted.

4. Admitted.

5. Admitted as to defendant DePuy Orthopaedics, Inc., only. As to Defendant DePuy, Inc., the allegations contained in this paragraph are denied.

**Jurisdiction and Venue**

6. The allegations contained in this paragraph are a legal statement, to which no response is required.

7. The allegations contained in this paragraph are a legal statement, to which no response is required.

**Factual Allegations**

8. Defendants DePuy are without knowledge or information as to the matters alleged in this paragraph, and leave the plaintiffs to their proof thereof.

9. Defendants DePuy are without knowledge or information as to the matters alleged in this paragraph, and leave the plaintiffs to their proof thereof.

10. Defendants DePuy are without knowledge or information as to the matters alleged in this paragraph, and leave the plaintiffs to their proof thereof.

11. Defendants DePuy are without knowledge or information as to the matters alleged in this paragraph, and leave the plaintiffs to their proof thereof.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

**COUNT I**
**Strict Products Liability**

16. Defendants DePuy restate and incorporate by reference herein their answers and responses to paragraphs 1 through 15, as if fully set forth herein.

17. Admitted as to defendant DePuy Orthopaedics, Inc., only. As to Defendant DePuy, Inc., the allegations contained in this paragraph are denied.

18. Defendants DePuy are without knowledge or information as to the matters alleged in this paragraph, and leave the plaintiffs to their proof thereof.

19. Defendants DePuy are without knowledge or information as to the matters alleged in this paragraph, and leave the plaintiffs to their proof thereof.

20. Denied.

21. Denied.

22. Denied.

**COUNT II**
**Negligence**

23. Defendants DePuy restate and incorporate by reference herein their answers and responses to paragraphs 1 through 22, as if fully set forth herein.

24. Defendant DePuy Orthopaedics, Inc., admits its legal duties, and denies the remainder of the allegations contained in this paragraph. As to Defendant DePuy, Inc., the allegations contained in this paragraph are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

**COUNT III**
**Negligent Misrepresentation**

30. Defendants DePuy restate and incorporate by reference herein their answers and responses to paragraphs 1 through 29, as if fully set forth herein.

31. Defendant DePuy Orthopaedics, Inc., admits its legal duties, and denies the remainder of the allegations contained in this paragraph. As to Defendant DePuy, Inc., the allegations contained in this paragraph are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

**COUNT IV**
**Breach of Implied Warranty and Expressed Warranty**

36. Defendants DePuy restate and incorporate by reference herein their answers and responses to paragraphs 1 through 35, as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

**COUNT V**
**Negligent Infliction of Emotional Distress**

40. Defendants DePuy restate and incorporate by reference herein their answers and responses to paragraphs 1 through 39, as if fully set forth herein.

41. Denied.

42. Denied.

43. Denied.

**COUNT VI**
**Loss of Consortium**

44. Defendants DePuy restate and incorporate by reference herein their answers and responses to paragraphs 1 through 43, as if fully set forth herein.

45. Defendants DePuy are without knowledge or information as to the matters alleged in this paragraph, and leave the plaintiffs to their proof thereof.

46. Denied.

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails, in whole or part, to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' injuries or damages as alleged, if any, were caused in whole or in part by the acts or omissions of a third person or persons, which acts or omissions DuPuy had no reason to anticipate and of which person or persons it had no knowledge and over whom it had no control.

THIRD AFFIRMATIVE DEFENSE

If there was a defect in and/or negligent sale of the DePuy knee prosthesis, an allegation that DePuy expressly denies, DePuy is not liable because it justifiably relied on the exercise of learned judgment of others in the regular course of the trade.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries or damages sustained, if any, were caused in whole or part by Plaintiffs' own negligence, and accordingly, Plaintiffs are barred in whole or in part, from recovery.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff knowingly and intentionally consented to and/or assumed any and all risks inherent in the use of the DePuy knee prosthesis when she proceeded to use this product having been fully informed of the risks and, therefore, Plaintiff is barred from recovery.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the DePuy knee prosthesis was at all relevant times manufactured and sold consistent with available technology, scientific knowledge, and the state of the art, and in compliance with all federal, state, and local laws and regulations, and was accompanied by product information and warnings that were reasonable, full and adequate and in accordance with FDA regulating requirements and the state of medical and scientific knowledge then in existence.

EIGHTH AFFIRMATIVE DEFENSE

If the DePuy knee prosthesis is unsafe in any way, it is unavoidably unsafe. Plaintiffs' purported action is, therefore, barred by Comment K of ¶ 402A of the Restatement (Second) of Torts and/or other applicable law.

NINTH AFFIRMATIVE DEFENSE

Even if there were negligence and/or breach of warranty on its part in the manufacture and sale of the DePuy knee prosthesis, which DePuy expressly denies, such negligence and/or breach of warranty was not the proximate or producing cause of the alleged injury or damage.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries or damages sustained, if any, were a direct and proximate result of a responsible, superseding, intervening cause.

ELEVENTH AFFIRMATIVE DEFENSE

If DePuy is found responsible for causing the injuries or damages alleged in Plaintiffs' complaint, the damages, if any, assessed against DePuy should be reduced in proportion to the percentage of fault, negligence, or responsibility attributable to Plaintiffs and all other responsible persons or entities.

TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs incurred any injuries or damages as a result of his use of the DePuy knee prosthesis, which DePuy denies, such injuries or damages were due to an idiosyncratic or idiopathic reaction to the DePuy knee prosthesis, or by an unforeseeable or pre-existing condition, without any negligence or culpable conduct by DePuy.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and cause of action are preempted by the Medical Device Amendments to the Federal Food, Drug & Cosmetic Act and the FDA regulations promulgated pursuant thereto.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, statute of repose, and/or by the equitable doctrines of laches and estoppel.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, release, and waiver.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Learned Intermediary Doctrine.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants did not make to Plaintiffs nor did they breach any express or implied warranties and/or breach any warranties created by law. To the extent that Plaintiffs rely on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with Defendants and/or for failure of Plaintiffs, or Plaintiffs' representatives, to give timely notice to Defendants of any alleged breach of warranty. Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of product defects are barred by Sections 2, 4, and 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.

JURY DEMAND

DePuy demands trial by jury on all claims so triable.

DEPUY ORTHOPAEDICS, INC. and
DEPUY, INC.,
By its attorneys,
MORRISON MAHONEY LLP,

/ s/ Paul Sullivan

Paul V. Sullivan (#5712)
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2006, I served a copy of the foregoing Answer to Plaintiff's Complaint, by regular U.S. mail, postage prepaid, to:

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

/ s / Paul Sullivan

Paul V. Sullivan